IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

RICKY ALLEN BARNETT, #01541732    §
§
VS.    §    CIVIL ACTION NO. 4:12cv167
§
DIRECTOR, TDCJ-CID    §

## MEMORANDUM OPINION AND ORDER

Petitioner Ricky Allen Barnett, an inmate confined in the Texas prison system, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the constitutionality of his conviction, alleging violations concerning the Fourth Amendment, trial court errors, sufficiency of the evidence, and ineffective assistance of counsel.

## I. BACKGROUND

Petitioner is complaining about his Delta County conviction for capital murder, Cause No. 6884. After a jury found him guilty, the trial court sentenced Petitioner to life confinement on December 13, 2008. The Sixth Court of Appeals affirmed his conviction on May 19, 2010. *Barnett v. State*, No. 06-09-0089-CR. The Texas Court of Criminal Appeals (CCA) then refused his petition for discretionary review (PDR) on September 22, 2010. *In re Barnett*, PD-0771-10. The CCA denied his application for state writ of habeas corpus without written order on February 27, 2012. *Ex parte Barnett,* Application No. 76,738-01 at cover.

Petitioner filed the present petition, alleging that he is entitled to relief because:

1.    He was illegally arrested without probable cause or a valid arrest warrant;

2.    The trial court erred by failing to suppress an involuntary inculpatory statement that

was coerced by threats of the death penalty;

3.  The evidence presented at trial was legally and factually insufficient because the only evidence of guilt presented was Petitioner's illegally-obtained statement;

4.  Trial counsel was ineffective for failing to conduct a pre-trial investigation of the crime scene and facts of the case;

5.  Trial counsel was ineffective for failing to object to "evidence being presented in multiple forms during suppression hearing;"

6.  Trial counsel was ineffective for failing to object to prosecutorial misconduct and improper verbal evidence;

7.  Trial counsel was ineffective for failing to object to hearsay testimony; and

8.  Trial counsel was ineffective for failing to object to sleeping jurors.

Respondent provided a Response, asserting that Petitioner's claims are without merit. Petitioner filed a Reply.

## II. STATEMENT OF FACTS

The Sixth Court of Appeals summarized the facts:

Ricky Allen Barnett and his wife, Cynthia, had experienced a rocky marriage for some fifteen years and Cynthia had once again moved out of their house, this time moving herself and some of their five children into a Delta County house that belonged to Cynthia's grandparents. Shortly before sunrise on June 24, 2007, an intruder entered that house and shot Cynthia with a rifle as she slept on the couch. A lucid Cynthia indicated that she did not see her attacker and did not know his identity. Despite that lucidity, Cynthia then died of the gunshot wound she sustained. Barnett was convicted of capital murder in Cynthia's death and has effected an appeal of his conviction.

Barnett maintains in his appeal that his written confession was erroneously admitted into evidence because (1) it was obtained after he had been arrested and detained on

a facially invalid arrest warrant and (2) it was obtained through misrepresentations made to him and under duress when peace officers threatened that he would be sentenced to the death penalty unless he confessed. Barnett also urges that the evidence of his guilt is insufficient to support his conviction. We find no reversible error and affirm the judgment of the trial court.

*Barnett*, slip op. at *1.

## III. FEDERAL HABEAS CORPUS RELIEF

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362,

402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-20. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. 1522-23. Rather, that application must be objectively unreasonable. *Id.* 529 U.S. at 409, 120 S. Ct. at 1521. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions

are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1519.

A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

In the context of § 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded state court decisions, which has been referred to as "doubly" deferential. *Harrington v. Richter,* 562 U.S. 86, 105, 131 S. Ct. 770, 788, 178 L. Ed.2d 624 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. "If the standard is difficult to meet, that is because it was meant to be." *Id*. at 786. Section 2254(d), as amended by AEDPA,

"stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this court's precedents. It goes no farther." *Id*. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*.; *see also Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir. 2013). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. 98, 131 S. Ct. at 784.

AEDPA also states that the state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254( e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact. *Valdez*, 274 F.3d at 948 n. 11. This presumption is especially strong where, as in this case, the trial judge and the state habeas judge are the same. *Miller-El v. Johnson*, 261 F.3d 445, 449 (5th Cir. 2001) (citing *Clark v. Johnson*, 202 F.3d 760, 764, 766 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S. Ct. 84, 148 L. Ed.2d 46 (2000)).

Further, the evidence upon which a petitioner would challenge a state court fact finding must have been presented to the state court, except for the narrow exceptions contained in § 2254(e)(2). Because a federal habeas court is prohibited from granting relief unless a decision was based on "an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding, " it follows that demonstrating the incorrectness of a state court fact finding based upon evidence not presented to the state court would not be helpful to a federal habeas petitioner.  28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).  If a habeas petitioner failed to fully develop the factual bases of his claims in state court, he is precluded from further factual development in federal court unless (1) his claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence; and (2) he establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty.  28 U.S.C. § 2254(e)(2).  Failing to meet this standard of diligence will bar a federal evidentiary hearing in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence.  *Williams*, 529 U.S. at 436, 120 S. Ct. at 1490.  Even if a petitioner can meet the foregoing standard, it is within this court's discretion to deny a hearing if sufficient facts exist to make an informed decision on the merits. *Clark v. Johnson*, 227 F.3d 273, 284-85 (5th Cir. 2000).

## IV.  FAILURE TO EXHAUST AND PROCEDURAL DEFAULT

Petitioner claims that the evidence was insufficient to support a finding of guilt.  While Petitioner raised this issue on direct appeal, he failed to raise it in his PDR or state writ of habeas corpus.  Section 2254 does not allow a petitioner to file a petition for writ of habeas corpus unless he is "in custody" and has exhausted his available state remedies.  28 U.S.C. § 2254(b)(1).  A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's

rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas (CCA). *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). This exhaustion doctrine was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. Finally, if one or more of the petitioner's claims is exhausted and one or more of the claims is unexhausted, it is a "mixed" petition, and the entire petition may be dismissed for failure to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 510, 192 S. Ct. 1198, 71 L. Ed.2d 379 (1982).

Petitioner's insufficiency claims are also procedurally barred. "A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *citing Coleman*, 501 U.S. at 735 n.1, 111 S. Ct. at 2557 n.1. If Petitioner presented the claims at this time to the Court of Criminal Appeals in another state writ application, the court would find the claims to be procedurally barred under the Texas abuse of the writ doctrine. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (Vernon Supp. 2004); *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Thus, Petitioner's claims would be barred from federal habeas review under the federal procedural default doctrine. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995), *cert. denied*, 515 U.S. 1153, 115 S. Ct. 2603, 132 L. Ed.2d 847 (1995) (the Texas abuse of the writ doctrine is an

adequate procedural bar for purposes of federal habeas review). The procedural bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Id.*; *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Petitioner has failed to overcome the procedural bar by demonstrating either cause and prejudice for the defaults or that a fundamental miscarriage of justice would result from the court's refusal to consider the claims. *Fearance,* 56 F.3d at 642; *Finley*, 243 F.3d at 200. Accordingly, the sufficiency of the evidence claims are procedurally barred from federal habeas review.

## V. FOURTH AMENDMENT CLAIM

Petitioner claims that he was arrested without probable cause or a valid arrest warrant. He asserts that his arrest violated the protections of the Fourth Amendment. However, Fourth Amendment claims are barred from federal habeas corpus relief where a state has provided an opportunity for a full and fair litigation of a Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed.2d 1067 (1976). An "opportunity for full and fair litigation" has been interpreted by the Fifth Circuit to mean just that – an opportunity. *Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002). If a state provides the processes allowing a defendant to obtain full and fair litigation of a Fourth Amendment claim, *Stone* bars federal corpus consideration of that claim. *Id*. Petitioner was not foreclosed from litigating his claim in state court; accordingly, his Fourth Amendment claims are barred, and this court may not review them. *Stone*, 428 U.S. at 494, 96 S. Ct. at 3052.

## VI.  TRIAL COURT ERROR

Next, Petitioner asserts that the trial court abused its discretion by ruling that his written inculpatory statement was admissible.  He claims that his statement was coerced because he was threatened with the death penalty if he did not cooperate.  Although not completely clear, it also appears that he is contesting the validity of the arrest warrant, which Petitioner concludes invalidates his confession.

The court first notes that Petitioner raised a similar claim in his direct appeal.  There, in the last reasoned opinion concerning the issue, the appellate court noted:

> In summary, Barnett stated in that written statement that he had shown his AK-47 rifle to a friend on the night before the murder, that he talked to Cynthia on the telephone, and that he drove over to her house.  He continued that he had seen Darius (whom Barnett apparently perceived to be his rival for the affection of Cynthia) in the house with her, and believed that Darius was sleeping on the couch.  The statement further said that Barnett went into the house through a window, entered the living room, and shot the person reclining on the couch.  Barnett related that he did not realize that the target was actually his wife; he had fired a shot, heard her scream, and ran away.  He went on to state that he drove to Galveston, boarded the ferry, and threw the rifle into the water.  When he called back to East Texas and discovered that Cynthia was dead, he returned to his home in Wolfe City and turned himself in.  That statement was signed and is dated June 28, 2007.
>
> The recording of his fifth and final interview (and admitted with the agreement of counsel) has virtually the same content as the complained-of written statement.  In two of the other four interviews, although the extraneous details shift and change, Barnett also admitted having fired the shot [that] killed his wife.  In the first interview, there was no admission of guilt, and in the fourth, he denied the act and terminated the interview.

*Barnett*, slip op. at *3.  The appellate court concluded that Petitioner had waived the argument because he only objected to the introduction of the written statement at trial while the video

recordings were admitted without objection, providing the jury with the same material. *Id.* In considering whether the written statement was coerced, the appellate court noted that the ultimate question is whether the suspect's will was overborne. *Creager v. State*, 952 S.W.2d 852, 856 (Tex. Crim. App. 1997). "In this case, the only fear was that of by lethal injection, which the court could conclude in its discretion was nothing more than a warning about the possible punishment for the crime alleged." *Barnett*, slip op. at *3 n.1. The appellate court overruled the contention of error. *Id.*, at *3. Because Petitioner failed to object to the introduction of the video recordings, he is barred from challenging the admission of his inculpatory written statement.

Generally, a federal court may not consider a claim when the state court did not address it because of the prisoner's failure to comply with a state procedural requirement, as long as the court's determination was based upon "independent and adequate state procedural grounds." *Maples v. Thomas*, — U.S. —, 132 S. Ct. 912, 922, 181 L. Ed.2d 807 (2012). The appellate court issued "the last reasoned opinion" on the issue, and the CCA refused Petitioner's PDR. As a result, the Texas contemporaneous objection rule is sufficient to bar federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 806, 111 S. Ct. 2590, 2596, 115 L. Ed.2d 706 (1991); *Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001). Consequently, Petitioner may not now challenge the introduction of his written statement.

Furthermore, on federal habeas review, the *Brecht* harmless standard applies. *Brecht*, 507 U.S. 619, 113 S. Ct. 1710. Even after showing an error, a petitioner must still show "whether the error had substantial and injurious effect or influence in determining the jury's verdict." *Id.*, 507 U.S. at 638, 113 S. Ct. at 1722. Petitioner cannot show that the admission of the written statement

was harmful when the video recordings, containing the same information, were admitted without objection. Moreover, Petitioner has failed to show that his written statement was coerced. Simply informing a defendant that the possible range of his punishment includes the death penalty is not coercive. The trial court held a hearing on this matter, and determined that the statement was admissible. *See Barnett*, slip op. at *3 n.1. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

Additionally, on direct appeal, Petitioner argued that his written statement was invalid because the judge who issued the arrest warrant produced an inconsistency in his title or jurisdiction within the document. The appellate court rejected the state evidentiary claim. It is well-settled that federal habeas relief does not exist to correct errors of state law. *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998). Petitioner has failed to show an error of constitutional magnitude warranting federal habeas relief. This issue is without merit.

Petitioner has also failed to rebut the presumption of correctness to which the state findings, whether implied or explicit, are entitled. *Valdez*, 274 F.3d at 947. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

## VII. INEFFECTIVE ASSISTANCE OF COUNSEL

In several grounds for relief, Petitioner claims that his trial counsel was ineffective.

**Legal Standard**

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.*, 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984).

Secondly, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

**Failure to Investigate**

Petitioner claims that trial counsel failed to properly investigate his case. Specifically, he contends that counsel failed to "do pre-trial investigation of crime scene and facts of the case." He seems to assert that counsel should have discovered earlier that one of the investigators did not actually produce a report that had his name on it, and trial counsel should have suppressed the statement on this basis.

Trial counsel must engage in a reasonable amount of pretrial investigation, and "at a minimum, . . . interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case." *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985). A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982).

Petitioner contends that counsel erred by failing to discover inconsistencies in Officer Ricky Ash's crime report. Ash testified that he was not sure how or why his report was changed to include Barnett's name as a suspect or why it listed another officer on the top of the report. The report was drafted before Petitioner was a suspect, and did not contain any evidence linking Petitioner to the crime. Transcript of Trial vol. 3 at 60-61, *Barnett*. However, counsel must have discovered these facts before trial because he highlighted these potential problems with the report at trial, in the presence of the jury. *Id*. Petitioner fails to show how he was harmed by the introduction of the report. If anything, the admission of the report could have cast doubt on the police investigation, raising questions about the police credibility and procedural integrity. Petitioner has failed to show

what further investigation would have revealed and how it would have altered the outcome of the trial. *Gray*, 677 F.2d at 1093.

Petitioner has failed to show deficient performance, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also has failed to rebut the presumption of correctness to which the state findings, whether implied or explicit, are entitled. *Valdez*, 274 F.3d at 947. Petitioner is not entitled to relief for the additional reason that he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

## Failure to Object

Petitioner next asserts that trial counsel was ineffective for failing to make several objections. Trial counsel's failure to object does not constitute deficient representation unless a sound basis exists for objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with such a basis, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy. *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir. 1993) (noting that a failure to object may be a matter of trial strategy as to which courts will not second guess counsel).

To succeed on such a claim, a petitioner must show that the trial court would have sustained the objection and that it would have actually changed the result of his trial. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume that counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

### *Failure to Object to Each Form of Evidence Introduced at Suppression Hearing*

Petitioner alleges that his trial counsel was ineffective for failing to object to each form of evidence introduced during the suppression hearing. Again, although not clear, it appears that he may have raised this issue based on the appellate court's denial of his claim that his written inculpatory statement was involuntary. The appellate court denied relief because counsel did not object to the video recordings of the interrogations. *Barnett*, slip op. at *3. As noted, simply "warning about the possible punishment for the crime alleged" was found not to be coercion. *Id*. The record shows that the trial court held a lengthy hearing on the voluntariness of Petitioner's cooperation before concluding that the written statement was not coerced, and therefore, admissible. Petitioner has failed to show that counsel waived a potentially meritorious error. Trial counsel is not required to make futile objections. *Emery*, 139 F.3d at 198.

Petitioner has failed to show deficient performance, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been

different.  *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also  has failed to rebut the

presumption of correctness to which the state court findings, whether implied or explicit, are entitled.

 *Valdez*, 274 F.3d at 947.   Petitioner has failed to show that there was no reasonable basis for the

state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at  784.

**Failure to Object to Prosecutorial Misconduct or "Improper Verbal Evidence"**

   Petitioner next claims that trial counsel was ineffective for failing to object to prosecutorial

misconduct and improper evidence.  He asserts that trial counsel should have objected when the

prosecution "used the invoking of [the Fifth Amendment right against incrimination] to imply guilt

or that [Petitioner] had something to hide."  He also complains that the prosecution talked about

items not in evidence, without objections from trial counsel.

   Apparently, Petitioner believes that some evidence was improperly described.  LaRoyce

McDaniel, Petitioner's friend,  testified that Petitioner showed him a new weapon he had recently

obtained, either an SKS or AK-47.  Transcript of Trial vol. 7 at 98, *Barnett*. However, Petitioner's

written statement admitted that he had an "SK rifle."  The State also summarized evidence that had

been found at Petitioner's house including a black bag and night vision scope.  This is not an

example of improper argument.  These items were found at Petitioner's house, and prosecutors may

provide  a proper summation of the evidence heard at trial.  A prosecutor's comments violate the

Constitution only if they "'so infected the trial with unfairness as to make the resulting conviction

a denial of due process.'" *Parker v. Matthews*, — U.S. —, 132 S. Ct. 2148, 2153, 183 L. Ed.2d 32

(2012) (citing *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed.2d 144 (1986)).

Petitioner has failed to show deficient performance, or that there is a reasonable probability that, but

for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Petitioner fails to identify where in the record the State discussed Petitioner's decision not to testify. His claim is conclusory. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982).

Petitioner has failed to show deficient performance, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### Failure to Object to Hearsay Evidence

Petitioner next argues that his trial counsel was ineffective for failing to object to hearsay evidence. However, he again does not point out the hearsay evidence to which counsel should have objected. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011-12; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Petitioner may be raising the same issue that he raised in his state writ proceedings. There, he claimed that counsel should have objected when Angela Neal and Deputy David Short testified about a black bag that belonged to the victim and was found in Petitioner's custody. *Ex parte Barnett,* Application No. 76,738-01

at 15.  However, he fails to discuss what he considers to be hearsay evidence.  *Id.*  The record shows that Neal testified that she had seen the victim with a black briefcase, which she kept in the trunk of her car .  Transcript of Trial vol. 7 at 270-71, *Barnett*.  The deputy testified that he personally seized a black "satchel" and night vision equipment from Petitioner's home.  *Id.*, vol. 5 at 36.  These statements are not hearsay.

Hearsay is a statement, other than one made by the declarant, while testifying at trial, offered to prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  Improper admission of hearsay testimony at a state court criminal trial warrants federal habeas relief only if it was a "crucial, critical, or highly significant factor in the framework of the whole." *Cupit v. Whitley*, 28 F.3d 532, 537 (5th Cir. 1994) (quoted in *Gochicoa v. Johnson*, 118 F.3d  440, 446 (5th Cir. 1997).  The Rules of Evidence define "statement" as "(1) an oral or written verbal expression or (2) nonverbal conduct of a person, if it is intended by him as a substitute for verbal expression." Tex. R. Evid. .01(a).  An out-of-court "statement" need not be directly quoted in order to violate the hearsay rules.  *See Schaffer v. State*, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989).  In *Gochicoa*, the Fifth Circuit reversed the district court's grant of the writ because the "hearsay evidence was neither crucial to the prosecution nor devastating to the defense in the context of the trial as a whole."  *Id.*, 118 F.3d at 447.  Likewise, in *Cupit*, the Fifth Circuit also reversed a judgment granting the writ because, although incriminating hearsay evidence had been improperly admitted, it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Cupit*, 28 F.3d at 542 (quoting *Brecht*, 507 U.S. at 637-38, 113 S. Ct. at 1722.  The statements about which Petitioner complains are not hearsay evidence.

Petitioner has failed to show deficient performance, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also has failed to rebut the presumption of correctness to which the state findings, whether implied or explicit, are entitled. *Valdez*, 274 F.3d at 947. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

### Failure to Object to Sleeping Jurors

Lastly, Petitioner asserts that trial counsel was ineffective for failing to object when jurors slept during the trial. Again, he fails to provide anything other than his conclusory allegations to support his contention. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Ross*, 694 F.2d at 1011-12; *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799. Petitioner fails to point to anything in the record, or otherwise, to show that jurors were sleeping, that counsel knew that jurors were sleeping, or that Petitioner made counsel aware that jurors were sleeping.

Petitioner has failed to show deficient performance, or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also has failed to rebut the presumption of correctness to which the state findings are entitled. *Valdez*, 274 F.3d at 947. Petitioner is not entitled to relief for the additional reason that he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented

in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784.

## IIX. CONCLUSION

Petitioner failed to exhaust the sufficiency of the evidence claims in state court proceedings; thus, they are barred from federal habeas review. His Fourth Amendment claims are not cognizable in federal habeas corpus actions, and he failed to show that trial court errors "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637-38, 113 S. Ct. 1721-22. Petitioner has also failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has failed to overcome the presumption that, under the circumstances, the challenged actions of his trial counsel might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065. Further, in each of his claims, Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams,* 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has failed to show that there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98, 131 S. Ct. at 784. Accordingly, his petition should be denied and his case dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case

is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

SIGNED this 30th day of March, 2015.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE